IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KYEEM KING,<br><br>    Plaintiff,<br><br>    v.<br><br>PRINCE GEORGE'S COUNTY POLICE<br>   DEPARTMENT/GOVERNMENT,<br>JEREMY HAWKS,<br>JOHN PADDY,<br>   DENNIS WINDSOR,<br><br>    Defendants. | Civil Action No.: JRR-23-2210 |

**MEMORANDUM OPINION**

This case concerns a civil rights complaint (and supplements thereto) filed by self-represented Plaintiff Kyeem King, who is incarcerated at Western Correctional Institution in Cumberland, Maryland. Defendants Prince George's County Police Department/Government, Jeremy Hawks, John Paddy, and Dennis Windsor filed a Motion to Dismiss or, in the Alternative, for Summary Judgment in response to the Complaint. ECF 47. King has filed Motions for Appropriate Relief and for an Injunction, both of which seek an evidentiary hearing and the latter of which seeks to remove counsel, Laura Novello, from representing Defendants on the basis of a conflict of interest. ECF 49 and 50. King did not file a response to the Motion to Dismiss or for Summary Judgment.

Because this Court has determined that no hearing is necessary, King's Motion for Appropriate Relief will be denied. *See* Local Rule 105.6 (D. Md. 2023). Additionally, counsel filed a Motion to Withdraw her appearance on November 8, 2024. ECF 52. That motion will be

granted, and King's request for injunctive relief denied as moot. For the reasons stated below, Defendants' motion, construed as one for summary judgment, will be granted.

## BACKGROUND

### A.   Complaint Allegations

King alleges that Prince George's County Police did not have probable cause to charge or arrest him in connection with case number CT190852A (possession of a firearm), which was ultimately placed on the Stet docket without his consent. ECF 1 at 2. King claims the traffic stop that occurred on June 10, 2019, was an illegal pretextual stop, ostensibly for failure to use his turn signal. *Id*. at 2, 3. The stop resulted in a search that "revealed handguns." *Id*. at 2. According to King, the owner of the car claimed ownership of the handguns, but King was nevertheless charged "without probable cause" of possessing a firearm. *Id*. He claims that the firearm possession charge was "a malicious prosecution which deprived [him] of his 14[th] Amendment" right to due process because the owner of the car "took possession of the firearms." *Id*. at 2-3. King alleges that the owner of the car confessed that the firearms were his and the arresting officer included that confession in the statement of charges. *Id*. at 3. King states that the charges were only brought against him to allow the "Detectives to place [him] in custody so they could investigate [him] on other charges" for which they were surveilling him. *Id*.

The statement of charges written by Detective Hawks indicates that King was driving a Ford Taurus and was stopped for failing to use his turn signal. ECF 5 at 2. When King's name was checked for open warrants, it was discovered that he had an open warrant for violation of probation. *Id*. At that time, the officer asked King to get out of the car and when King complied, the officer saw a black handgun at King's feet. *Id*. The handgun was a Glock 20 10mm. *Id*. King was placed under arrest and the front-seat passenger was asked to get out of the car by PFC Fulda.

2

*Id*.  When the passenger, Donnie Bullock, III, exited the car, a black revolver fell out of his waistband onto the front passenger seat.  *Id*.  Both men were placed under arrest; Bullock stated that the handguns were his.  *Id.* at 3.  In the context of the traffic stop, Detective Hawks conducted a criminal history check and found that King was prohibited from possessing firearms and ammunition due to his convictions for first-degree assault, use of a handgun in the commission of a crime, reckless endangerment, carrying a handgun, and carrying a deadly weapon.  *Id.* at 10-11.

In a Motion to Amend, King explains that Detective Hawks was watching him under orders given by Detective John Paddy and Detective Dennis Windsor.  ECF 19 at 1.  According to King, Hawks conducted a pretextual traffic stop to give Paddy and Windsor an opportunity to interrogate King about a murder charged under case numbers CT190799x and CT191113x.  *Id*. at 1-2.  King claims that he paid a bond on case CT190852A, related to the firearm, but before he was released Paddy and Windsor told him that if he did not talk to them, he would be charged with murder.  *Id*. at 2.  King states that the interrogation was "deemed illegal due to inducements made by both detectives."  *Id*.  Despite the exclusion/suppression of that interrogation, King was prosecuted for the murder case.  *Id*.

In another Motion to Supplement, King states that Detective Hawks falsely stated that a warrant had been issued for King on June 5, 2019, and provides a warrant dated October 24, 2019, as evidence of the misstatement.  ECF 43.  The warrant attached to the motion was issued by the Maryland Parole Commission "for arrest and detention of paroled prisoner . . ." and notes that King was released on parole on December 23, 2015.  ECF 43-1.  In 2010, King received a sentence of 25 years, all but 10 years suspended, followed by five years of probation.  ECF 44-1 at 6-7.  He was paroled on the 10 years and the parole retake warrant issued on October 24, 2019, was filed

as a detainer after King was in custody. *Id*. at 7. Additionally, King was on probation while he was on parole. *Id*. at 14.

On May 28, 2024, this Court issued an Order that, in relevant part, construed King's complaint and six supplements to raise claims of false arrest, malicious prosecution, and unlawful pre-trial detention. ECF 46. As relief, King seeks $1,133,433.10 in damages. ECF 3. He adds that he is willing to settle for $850,000. *Id*.

**B.     Defendants' Response**

Defendants agree with most of the factual allegations raised by King. It is undisputed that on June 13, 2019, King posted a $15,000 bond and was released as to the gun case (case number 2E00646326). ECF 47-3. On August 20, 2019, the gun charges were presented to the Grand Jury and an indictment was returned under Circuit Court case number CT190852A. ECF 47-4. On August 23, 2019, a summons was issued for King on the indictment. ECF 47-3. King was "out on bond" regarding the gun charges but he "continued to be held" on first and second-degree murder charges in case numbers CT190799 and CT191113X. *id*. On June 21, 2023, the gun charges were placed on the stet docket. ECF 47-5.

## STANDARDS OF REVIEW

**A.     Motion to Dismiss**

As noted, Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th

Cir. 2007). Under Rule 12(b)(6), however, a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. Nov. 29, 2016) (per curiam). As is the case here, when a movant titles its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC*, 672 F. App'x at 622 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C

5

Wright & Miller, FEDERAL PRACTICE & PROC. § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id*. at 149. Regarding consideration of extraneous material, the court considered whether doing so "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is appropriate and necessary. *Id*. at 165, 167.

**B.      Discovery**

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc*., 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. July 14, 2016) (*per curiam*); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without discovery. Fed. R. Civ. P. 56(d); *see also Harrods Ltd.*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied

"where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If the non-moving party believes that discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods Ltd.*, 302 F.3d at 244 (citations omitted). Despite the absence of the non-movant's Rule 56(d) affidavit, the court shall not issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted).

Failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

7

### C.     Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The court is required to "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of

conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a genuine dispute of material fact exists and thus precludes summary judgment. *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id*. at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

Because King is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That notwithstanding, the Court must also abide the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

Defendants assert that the Prince George's County Police Department/Government is not an entity subject to suit under 42 U.S.C. § 1983; King's tort claim for false arrest is barred by governmental immunity; Defendants Hawks, Paddy, and Windsor cannot be liable for malicious prosecution; King's constitutional rights were not violated; and there was adequate legal justification for King's detention. ECF 47-1. As noted, King has not directly opposed the

dispositive motion filed by Defendants despite being informed of the consequences of that failure. Instead, King asserts in his Motion for Appropriate Relief that he has the right to a jury trial under the Seventh Amendment to the United States Constitution[1] and asks that this Court schedule an evidentiary hearing.  ECF 49.

**A.      Prince George's County Police Department/Government**

King does not raise a clear claim against the Prince George's County Police, but this Court is obliged to liberally construe his pleadings because he is a pro se litigant.  Liberally construed, King claims that Prince George's County is vicariously responsible for the police officers' actions in arresting and detaining him.  In the case of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights.  *Id.* at 690-91.  The *Monell* Court explained that, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983." *Id.* at 694; *see Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

In *Connick v. Thompson*, 563 U.S. 51, 60 (2011), the Supreme Court explained:

> A municipality or other local government may be liable under [§ 1983] if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978).  But, under § 1983, local governments are responsible only for "their *own* illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S. at 665-683).  They are not vicariously liable under § 1983 for their employees' actions.  *See id.*, at 691; [*City of*] *Canton,*

---

[1] To the extent that King believes that granting Defendants' Motion somehow violates his Seventh Amendment to a jury trial, he is mistaken.  It is well-established that "where summary judgment is properly granted, no Seventh Amendment issue arises." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 221 n.12 (4th Cir. 1978) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 320 (1902)); *see also Burnett v. BJ's Wholesale Club*, 722 F. Supp. 3d 566, 575 n.6 (D. Md. 2024).

[*Ohio v. Harris*], 489 U.S. [378], 392 [1989]; *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases).

Thus, a viable § 1983 *Monell* claim consists of two components: (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *Bd. of Comm'rs of Bryan Cnty., v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), *cert. denied*, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). As noted, King sets forth no details to support his claim against Prince George's County and appears to name the County as a Defendant under a theory of vicarious liability. Thus, "Prince George's County Police Department/Government" shall be dismissed from suit.

**B.   False Arrest**

The Fourth Amendment guarantees, among other things, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures …." U.S. CONST. amend IV. It is made applicable to the States through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). The Fourth Circuit has held that "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." *Harrison v. Deane*, 426 Fed. App'x 175, 181 (4th Cir. 2011) (quoting *Street v. Surdyka* 492 F.2d 368, 272-73 (4th Cir. 1974)) (internal quotations omitted). In order to state a claim under § 1983 for false arrest, King must show that his arrest was made without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Surdyka*, 492 F.2d at 372-73. Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see*

11

*also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Munday*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *See Beck*, 379 U.S. at 91; *Santos*, 725 F.3d at 466; *United States v. Johnson*, 599 F.3d 339, 346 (4th Cir. 2010).

As set forth above, it is undisputed that, at the time of King's arrest, he was found in possession of a firearm. Although he attempts to undermine this fact by pointing to the front-seat passenger's confession that all of the guns found in the car were his, the fact remains that one of the handguns was found on the floor on the driver's side of the car where King was seated.[2] Where, as here, the accused is the driver of a vehicle where the contraband is found, there is a perception that "owners/drivers of vehicles … have heightened control over the contents of their vehicles." *State v. Smith*, 374 Md. 527, 551 (2003); *see also State v. Wallace*, 372 Md. 137, 156 (2002) (K-9 sniff of a car is insufficient to establish probable cause for a search of a non-owner, non-driver for possession). Further, it is undisputed that upon checking with dispatch, the officers in King's case established that there was an active warrant for violation of probation. "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant . . . . [A] claim for false arrest may be considered only when no arrest warrant has been obtained." *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Likewise, where the arrest was based on a validly issued warrant, the continuing pretrial detention of King was reasonable under the Fourth Amendment. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 184 (4th Cir. 1996). King's false arrest claim fails.

---

[2] Under applicable Maryland law, possession means to "exercise actual or constructive dominion or control over a thing by one or more persons." MD. CODE ANN., CRIM. LAW § 5-101(v).

12

### C. Malicious Prosecution

King's malicious prosecution claim implicates the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (holding that the Fourth Amendment, not substantive due process, governs a claim that a plaintiff was subjected to criminal prosecution without probable cause). Although "it is not entirely clear whether [there is] a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009)). Thus, a "malicious prosecution" claim is "simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution." *Id.* (quoting *Snider*, 584 F.3d at 199). These elements include (1) the defendant seized the plaintiff pursuant to legal process not supported by probable cause; and (2) the criminal proceedings terminated in the plaintiff's favor. *Id.* Under Maryland law, a common law malicious prosecution claim requires a showing that "(1) the defendant instituted a criminal proceeding against the plaintiff; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) the defendant did not have probable cause to institute the proceeding; and (4) the defendant acted with malice or a primary purpose other than bringing the plaintiff to justice." *Okwa v. Harper*, 360 Md. 161, 183 (2000). Failure to establish one of these elements is fatal to the claim.

The undisputed facts are that the charges against King for possession of a handgun were placed on the stet docket; a stet is not a disposition in favor of the criminal defendant (here, King). *See Williams v. Prince George's Cnty.*, 157 F. Supp. 2d 596, 605–06 (D. Md. 2001) (holding that removal to a stet docket did not meet the favorable termination element of a malicious prosecution claim); *State v. Meade*, 101 Md. App. 512, 532 (1994), *superseded by statute on other grounds*,

140 Md. App. 282 (2001) (holding a plaintiff cannot bring a malicious prosecution claim where his criminal case terminated in placement on the stet docket).  "A 'stetted' charge may be rescheduled for trial at the request of either party within one year, but after the expiration of the year, it may be scheduled for trial 'only by order of the court for god cause shown.'" *Id*. at 532-33 (quoting Md. Rule 4-248(a)), *compare Fitzwater v. Tasker*, 259 Md. 266, 273-74 (1970) (where trial court issued a letter stating that the "stet" meant the State was unwilling and unable to prosecute meant that the stet was improper and should have been a *nolle prosequi*).  Additionally, as noted *supra*, Defendants had probable cause to arrest King, which fatally undermines King's malicious prosecution claim as a matter of law.

### D.     Unlawful Pre-Trial Detention

King's claim regarding his continued detention after he posted bond on the initial gun charges also fails.  The undisputed facts are that Defendants had ample reason to detain King, including a detainer from the Maryland Parole Commission.  King's allegation that he was simply taken into custody and kept there for the sole purpose of interrogating him regarding the murder charges that were ultimately leveled against him, is without any objective support.  Further, to the extent it is raised, a false imprisonment claim cannot be sustained where "a police officer carrying out either an arrest under warrant or a warrantless arrest is not liable for false imprisonment in connection with that arrest if the officer had legal authority to arrest under the circumstances." *Ashton v. Brown*, 339 Md. 70. 120 (1995); *see also Davis v. DiPino*, 121 Md. App. 28, 38 (1998) (elements of false imprisonment are the same as the elements for false arrest).  Here, there was a warrant issued by the Maryland Parole Commission for violation of parole that was lodged as a detainer.  That warrant served as the legal justification for keeping King in custody.

## CONCLUSION

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment shall be granted; the claim against "Prince George's County Police Department/Government" is dismissed and summary judgment is entered in favor of the remaining Defendants. King's Motions for Appropriate Relief (ECF 49) and for Injunction (ECF 50) are denied. Defendants' Motion to Withdraw (ECF 52) is granted.

A separate Order follows.


Date: 11.19.2024

_____/S/_____
Julie R. Rubin
United States District Judge